# DECISIONS

OF THE

# SUPREME COURT OF MISSOURI.

## FOURTH JUDICIAL DISTRICT.

### MAY TERM, 1838.

––––––––––

### THOMAS V. SWEARINGEN v. THE STATE.

Since the act concerning fines, forfeitures, &c. passed, Feb. 3, 1837, assaults and batteries are indictable offences.

ERROR to the circuit court of Washington county.

*P. Cole*, counsel for the plaintiff in error:

The State relies upon the act of assembly of 1837, (see page 63,) entitled "an act directing the mode by which fines, penalties and forfeitures may be recovered," in order to sustain this indictment. But the title to the act, and the phraseology of the law itself, show that it was intended merely to recover a penalty, &c. by indictment, analogous to an information *ex officio* at common law for a penalty, or a *qui tam* civil proceeding—2 Chitty's Crim. Law, page 7; 4 B. Com. 308; 2 Chitty's Plead. 238. By the law of 1825, with regard to crimes and misdemeanors, it was provided precisely as in the law of 1837, which provision was left out in the revision of 1834, and

substituted in its place, to this effect: "in all cases where a fine or penalty shall be imposed by any statute of this State as a punishment for any offence, and no other provision for the recovery thereof, the same may be recovered by indictment"—Digest of 1825, 322, sec. 40. The act of 1835 gave jurisdiction to justices of the peace in certain cases of fines, when such fines were limited to one hundred dollars. It will, therefore, be seen at once that the act of 1837 merely re-enacted the law of 1825, making all fines, penalties and forfeitures recoverable by indictment—Rev. C. 1834, 481, 525, 215, sec. 29. This point has never been thought of before; and certainly, since the decision of the supreme court in the case of the State v. Ledford, 3 Mo. Rep. 112, and the case of the State v. Johnson, 4 Livi. Ann. Rep. 622, one would have supposed that such a question could not have arisen. If the act of 1837 had made assaults and batteries indictable offences, it might have been contended that the legislature intended the repeal of the law giving justices of the peace jurisdiction in breaches of the peace; but to say that a law that authorizes the recovery of fines, penalties and forfeitures by indictment, repeals the law giving jurisdiction to justices of breaches of the peace, the intent and object of the two laws being wholly dissimilar, seems to me to be wholly without the pale of the usual construction of statutes, to wit: that statutes must be understood and interpreted with reference to their context and subject matter—Ruggles v. county of Washington, 3 Mo. Rep. 496.

*Brickey*, counsel for defendant:

There seems to be but one question for the consideration of this court: Has the circuit court jurisdiction of this case, or is an assault and battery an indictable offence?

When we look at the common law authorities, both elementary and practical, we find the law too well established, that this is an indictable offence, to require the production of authorities here in this court as to that matter. If, then, our circuit court have not jurisdiction of this offence, that jurisdiction has been taken away by express statute. I am aware of the act of the legislature, passed at the revision of the laws, (Digest, p. 372,) by the first section of which act it is declared that " hereafter no assault, battery or affray, shall be indictable, but all such offences shall be prosecuted and punished in a summary way before a justice of the peace." Also, of

the decision of this court in the case of the State *v.* Ledford. But notwithstanding these authorities, which are not controverted, I rely upon the last act of the general assembly, page 63.

This act expressly declares, "whenever a fine, penalty or forfeiture is, or may be, inflicted by any act of the general assembly for any offence, the same may be recovered by indictment, notwithstanding another or different remedy for the recovery of the same may be specified in the act prescribing the fine, penalty or forfeiture." Now, when these two acts of the legislature are considered in connection, what is the plain and irresistable inference to be drawn from them? The first recited act, sec. 11, provides all trials under this act "shall be by a jury of twelve competent men, who, if they find the defendant guilty, shall assess the fine to be paid by him not less than one dollar, nor more than one hundred dollars, according to the nature of the offence," &c. Here the legislature uses the term "fine," (a term well understood in law,) to be imposed on the defendant at the discretion of a jury, according to the magnitude of the offence. In the subsequent act of the last session, the legislature uses exactly the same term, "*fine*," penalty or forfeiture for any offence, &c. and then declares that the same may be recovered by indictment, notwithstanding another or different remedy for the recovery of the same may be specified in the act prescribing the *fine*, &c. If these statutes be considered contradictory or repugnant, the first declaring the offence here charged shall not be indictable, although it is declared to be an offence, and punishable with fine or imprisonment by a prosecution before a justice of the peace; and the subsequent act declaring that all fines, penalties and forfeitures shall be recoverable by indictment, the rule of construction is, that the last act shall stand, and if the courts cannot reconcile two conflicting statutes, the latter always supersedes and repeals the former; therefore, the circuit court would have exclusive jurisdiction of this offence.

But it would seem the former and latter act may well stand together, as not being repugnant or contradictory. For although the former statute declares the offence shall not be indictable, but tried before a justice of the peace, the latter declares all fines, forfeitures, &c. shall and may be recoverable by indictment. Here the jurisdiction of the justice of the peace is not taken away, but the circuit court have concurrent jurisdiction, and the offence may be prosecuted in either court, unless the last statute

had subjoined express negative words, as that no such fines, forfeitures, &c. should be recoverable in any other way, or before any other tribunal, than by indictment in the circuit court—see 1 Blk. C. p. 89, 90.

Another general rule of construction is, to endeavor to discover the true intention of the law, and whenever that intention can be indubitably ascertained, and it be not a violation of any constitutional right, the courts are bound to obey it, whatever may be their opinion of its wisdom or policy—1 Kent's Com. p. 468. By the act of 1837, page 63, the legislature has used the most comprehensive language, such as would embrace every species of offence for which a fine, penalty or forfeiture is imposed, and have expressly declared that all such fines, &c. shall be recoverable by indictment, notwithstanding another or different remedy for the recovery of the same may be specified in the act prescribing the fine, &c. The question then arises under this statute, what description of fines, penalties, &c. did the legislature intend to provide for? If any cases are specified, what are they? The language here used by the legislature does not seem to warrant a limitation of the law. The language used seems to be plain, and indeed, without any ambiguity. The law then extends to all cases where a fine, penalty or forfeiture is imposed by any act of the legislature, and the same may be recoverable by indictment; and if recoverable by indictment, the circuit court has jurisdiction of the case now at bar, and the court decided correctly in overruling the motion to quash the indictment.

TOMPKINS, Judge, delivered the opinion of the court.

The plaintiff in error was indicted in the circuit court for an assault and battery. He moved in the circuit court to quash the indictment, and his motion being overruled, he prosecutes his writ of error to reverse that judgment.

The question to be here settled is, whether an assault and battery is an indictable offence.

The act of 20th January, 1835, declares that "hereafter no assault, battery or affray shall be indictable, but all such offences shall be prosecuted and punished in a summary manner before justices of the peace, as hereinafter provided"—see sec. 1, p. 572 of the Digest of the year 1834–5.

By an act, passed 3d February, 1837, it is declared that "whenever a fine, penalty or forfeiture is, or may be

inflicted, by any act of the general assembly, for any offence, the same may be recovered by indictment, notwithstanding another or a different remedy for the recovery of the same may be specified in the act prescribing the fine, penalty or forfeiture"—see page 63 of the session acts.

MAY TERM, 1838.

Swearingen v. The State.

It is contended that, by this act, jurisdiction is given to the circuit court in cases of assault and battery. By the 25th section of the third article of the act of 21st March, 1835, to regulate proceedings in criminal cases, it is declared that "in all cases where any fine or penalty is, or shall be imposed by any statute of this State as a punishment for any offence, and no other provision is made for the recovery thereof, the same may be recovered by indictment."

Since the act concerning fines, forfeitures, &c., passed Feb. 3, 1837, assaults and batteries are indictable offences.

It seems that the legislature intended by the act of 1837, to make the indictment a more general remedy for the recovery of fines and penalties, than it had been made by the act of 1835, last cited. There is no exception to the provision of the act of 1837, as there is to that of 1835. It must then, as it seems to me, extend to the offence of assault and battery, notwithstanding another and different remedy for the recovery of the fines inflicted for that offence is specified by the act of 20th January, 1835, to define the jurisdiction and regulate the proceedings of justices' courts in cases of breach of the peace. The judgment of the circuit court ought then, in my opinion, to be affirmed; the rest of the court concurring in that opinion, it is affirmed.